UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02331

**Aburto Vargas,**
*Petitioner,*

v.

**Warden, et al.,**
*Respondents.*

## ORDER

Adrian Ernesto Aburto Vargas is a citizen of Nicaragua currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing and an injunction against transfer outside this district while his petition is pending. Because his detention is lawful, his petition and request for injunctive relief are denied.

## BACKGROUND

Petitioner last entered the United States without inspection on October 15, 2022. Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) until December 15, 2022. Petitioner applied for asylum in March 2023. His parole was extended until December 14, 2023. Petitioner was detained on August 17, 2026, for driving while intoxicated and was served with a notice of immigration detainer. On August 21, 2026, Petitioner pled guilty to obstruction of a highway. Petitioner is currently detained by federal immigration authorities at the T. Don Hutto Detention Center in Taylor, Texas.

On August 25, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking his immediate release or an individualized bond hearing and an injunction against transfer outside this district while his petition is pending. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Administrative Procedure Act, and the Fourth Amendment. His arguments, however, fail. Petitioner is properly detained pursuant to section 1225(b)(2) because he is an applicant for admission. "An alien who is paroled under section 1182(d)(5) of this title . . . shall not be considered to have been admitted." *See* 8 U.S.C. § 1101(a)(13)(B). Title 8 section 1182(d)(5) gives the Secretary of Homeland Security discretion to temporarily parole aliens into the United States "on a case-by-case basis for urgent humanitarian reasons or significant public benefit[.]" 8 U.S.C. § 1182(d)(5)(A). "[B]ut such parole of such alien shall not be regarded as an admission of the alien[.]" *Id.* "[W]hen the purposes of such parole . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

Petitioner was temporarily paroled into the United States for approximately two months pursuant to section 1182(d)(5). Habeas Pet. Ex. 1 at 38 (ECF No. 1). Petitioner's parole was extended, then expired after December 14, 2023. *Id.* Petitioner's case, therefore, "shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A); *see, e.g.*, *Fuenmayor v. Mullin*, 830 F. Supp. 3d 1104, 1105–06, 1110 (D.N.M. 2026) (holding petitioner was subject to section 1225 after the lawful termination of his Venezuelan Humanitarian Parole prior to his detention and denying habeas relief); *see also Lopez Jaimes v. Lyons*, No. 5:26-cv-00686-MA, 2026 WL 475298, at *1–2 (W.D. Tex. Feb. 17, 2026) (finding petitioner subject to section 1225(b)(2) and denying habeas relief when

petitioner was a citizen of Venezuela and he was detained after his humanitarian parole expired). And applicants for admission are subject to mandatory detention under section 1225(b)(2). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).

The Fourth Amendment also does not require Petitioner's release. Even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g.*, *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition raising the *Accardi* doctrine regarding a warrantless arrest and collecting cases); *Roman Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026) (denying a habeas petition raising the Fourth Amendment and *Accardi* doctrine regarding a warrantless arrest).

Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[1] For the reasons set forth

---

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *vacated on reh'g en banc*, 181 F.4th 608 (5th Cir. 2026), was vacated

in Parts I–III of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026), the Court denies the petition.

Petitioner is also not entitled to an injunction against transfer outside the district. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [ ] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner likewise presents no persuasive reason for the Court to enjoin Respondents from taking steps to effectuate his removal from the United States while his petition is pending. Even if he had, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g). Petitioner's request for an injunction is denied. *See, e.g.*, *Jaramillo-Arellano v. Blanche*, No. 1:26-cv-01711, 2026 WL 2476440, at *6 (W.D. Tex. Aug. 24, 2026); *Roman Hernandez*, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026).

---

and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (en banc) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs*,763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. July 21, 2026) (en banc) (per curiam), does not preclude this Court from adjudicating or entering final judgment in this case.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on September 25, 2026.*

ANDREW DAVIS
United States District Judge